United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20221
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MOHAMMED KAZAM MARTINEZ

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-523-1
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Mohammed Kazam Martinez appeals the sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute cocaine and aiding and abetting the possession with intent to distribute cocaine. He argues that the district court erred in calculating the cocaine quantity attributable to him pursuant to U.S.S.G. § 1B1.3. Martinez did not present any rebuttal evidence at the sentencing hearing to establish that the drug quantity in the Presentence Report (PSR) was inaccurate. The facts set forth in the PSR have an adequate

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidentiary basis as they were corroborated by the testimony of Officer Nelius at the sentencing hearing and by the officers' investigation of the Ramirezes and seizure of cocaine and large amounts of cash.  Therefore, the district court did not clearly err in determining that Martinez was responsible for 194 kilograms of cocaine.  See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006); see also United States v. Ocana, 204 F.3d 585, 591 (5th Cir. 2000).

Martinez argues that the district court erred in determining that he was a leader in the offense and increasing his offense level by four levels pursuant to U.S.S.G. § 3B1.1(a).  Because Martinez did not present any rebuttal evidence, the district court did not clearly err in determining that Martinez was a leader or organizer in the offense, based on the PSR and the evidence presented at the sentencing hearing showing that Martinez was involved in a conspiracy involving five persons, he directed the actions of some of these persons, and he was solely responsible for determining where, to whom, how, and under what terms the cocaine was distributed.  See United States v. Villanueva, 408 F.3d 193, 204 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

Martinez argues that the sentence imposed by the district court was unreasonable and that the district court did not consider all of the 18 U.S.C. § 3553(a) factors, the drug quantity alleged in the indictment, or his cooperation with

authorities.  The district court gave the following reasons for the sentence:  the nature of the offense involving a large amount of cocaine, a large amount of drug-related cash, and firearms (§ 3553(a)(1)); Martinez's extensive involvement in the offense, his history of no employment, his acceptance of responsibility, and his cooperation with the Government (§ 3553(a)(1)); the need for punishment and deterrence (§ 3553(a)(2)(A) & (B)); and the statutory sentence range and the guideline sentencing range (§ 3553(a)(3) & (4)).  Martinez has not shown that the district court misapplied the Guidelines, failed to consider the § 3553(a) factors, failed to give reasons for the sentence, or considered improper factors in imposing the sentence.  Therefore, Martinez has not shown that the sentence imposed by the district court was unreasonable.  See United States v. Mares, 402 F.3d 511, 518-20 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Martinez also argues that language in United States v. Alonzo, 435 F.3d 551 (5th Cir. 2005), violates United States v. Booker, 543 U.S. 220 (2005).  He concedes that we are bound by our precedent and raises the issue to preserve further review. We have not, however, relied on Alonzo and its rebuttable presumption of reasonableness in deciding this appeal.

AFFIRMED.